UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JON R. ADAMS,              ) | |
|                            ) | |
|     Plaintiff      ) | |
|                            ) | |
|   v.                 ) | 2:15-cv-00282-JAW |
|                            ) | |
| SCOTT LANDRY, et al.,      ) | |
|                            ) | |
|     Defendants     ) | |

**RECOMMENDED DECISION AND ORDER ON PENDING MOTIONS**

In this action, Plaintiff, an inmate at the Maine Correctional Center in Windham, contends that Defendants have violated and continue to violate his constitutional rights. Plaintiff principally maintains that Defendants failed to provide sufficiently for Plaintiff's safety, and have failed to place him in an appropriate location within the correctional system.

The matter is before the Court on the following motions: Plaintiff's Motion to Amend Complaint (ECF No. 14); Plaintiff's Motion for Temporary Restraining Order/Motion for Preliminary Injunction (ECF No. 11); Plaintiff's Second Motion for Temporary Restraining Order/Motion for Preliminary Injunction (ECF No. 19); Plaintiff's Motion to Excuse Plaintiff from Submitting Memorandum of Law in Support of Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 20); and Plaintiff's Motion to Waive Post Security (ECF No. 21).

**A.     Motion to Amend Complaint (ECF No. 14)**

On August 3, 2015, Plaintiff filed a motion to amend his complaint. Federal Rule of Civil Procedure 15, which governs the filing of a motion to amend, provides in pertinent part: "A party may amend its pleading once as a matter of course within … 21 days after serving it." Fed. R. Civ. P. 15(a). Although service was ordered on July 30, 2015, the acknowledgement of service, which is

due on or before August 29, 2015, has not been filed. Plaintiff, therefore, can at this stage of the proceedings amend his complaint "once as a matter of course." Accordingly, the Court grants Plaintiff's Motion to Amend Complaint (ECF No. 14). Plaintiff shall file the Amended Complaint on or before September 11, 2015.

B.     **Plaintiff's Motion for Temporary Restraining Order/Motion for Preliminary Injunction (ECF No. 11); Plaintiff's Second Motion for Temporary Restraining Order/Motion for Preliminary Injunction (ECF No. 19).** [1]

Plaintiff evidently seeks a temporary restraining order that requires Defendants to place him in a particular cell block known as the protective custody unit. In his more recent motion (ECF No. 19), Plaintiff reveals that he is no longer in general population, but rather is in administrative segregation. Plaintiff objects to segregation because he is emotionally upset by the isolation and because his access to legal materials is significantly restricted.

To obtain emergency injunctive relief, Plaintiff must show "(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." *Nieves–Marquez v. Puerto Rico,* 353 F.3d 108, 120 (1st Cir. 2003); *Hoffman v. Sec'y of State of Me.*, 574 F. Supp. 2d 179, 186 (D. Me. 2008).

Plaintiff's motion requests both a temporary restraining order (TRO) and a preliminary injunction. Generally, the distinction between the two forms of injunctive relief is that the former can be awarded without notice to the other party and an opportunity to be heard. *Int'l Ass'n of Machinists & Aerospace Workers v. Verso Paper Corp.*, 80 F. Supp. 3d 247, ___ (D. Me. 2015). A temporary

---

[1] Although service of the complaint is not complete, because Plaintiff seeks a temporary restraining order, which can be issued without notice to the opposing party, and because Plaintiff asserts that he will be released from custody on September 21, 2015, the matters were referred for a recommendation without the filing of Defendants' response.

restraining order, therefore, is an even more exceptional remedy than a preliminary injunction, which is itself "an extraordinary and drastic remedy that is never awarded as of right." *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011) (quoting *Munaf v. Geren*, 553 U.S. 674, 689 – 90 (2008)).  By rule, a temporary restraining order requires a clear showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1).

Regardless of whether notice is provided, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights, be those rights protected by statute or by the common law." *Holiday Inns of Am., Inc. v. B & B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969).  Moreover, "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982).  For reasons that follow, the recommendation is that the Court deny Plaintiff's requests for injunctive relief.[2]

### 1. *Likelihood of success on the merits*

State prison officials have a duty under the Fourteenth Amendment to protect state prisoners from violence at the hands of other prisoners. *Purvis v. Ponte,* 929 F.2d 822, 825 (1st Cir.1991). "Moreover, a prisoner need not wait to be assaulted to obtain relief for the infringement of this right." *Id.* A violation occurs when prison officials fail to act despite the existence of a strong likelihood that violence will erupt. *Id.* To establish liability on the part of an individual officer for resulting harm,

---

[2] Because the elements that Plaintiff must satisfy to obtain a preliminary injunction are similar to the elements necessary to secure a temporary restraining order, the analysis is equally applicable to both requests. *Newton v. LePage*, 789 F. Supp. 2d 172, 178 (D. Me. 2011).

a claimant must demonstrate that the officer's conduct amounts to deliberate indifference to a substantial risk of serious harm. *Burrell v. Hampshire Cnty.,* 307 F.3d 1, 7 – 8 (1st Cir. 2002); *Giroux v. Somerset Cnty.*, 178 F.3d 28, 32 (1st Cir. 1999).

In support of his motion, Plaintiff attests that he is fearful for his safety in the general population. (Declaration in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction ¶ 1, ECF No. 19.) He has been assaulted on one occasion while in general population, and believes another assault will occur if he remains in general population. (*Id.* ¶¶ 2 – 3.) Plaintiff was last assaulted on March 31, 2015. [3]

To the extent that Plaintiff claims the need for immediate injunctive relief based on an ongoing violation of his constitutional rights resulting from Defendants' failure to provide for his physical safety, given that Defendants have removed Plaintiff from the general population and placed Plaintiff in segregation, Plaintiff's likelihood of prevailing on his claim of an ongoing violation is suspect. In fact, not only is Plaintiff currently assigned to administrative segregation, he evidently will remain in segregation until he is released on September 21, 2015. (*Id.* ¶¶ 5, 7.) In other words, Plaintiff has failed to demonstrate a likelihood of success on the claim that could theoretically justify immediate injunctive relief (i.e., a continuing constitutional violation due to Defendants' failure to protect Plaintiff from harm from other inmates).

### 2.   *Significant risk of irreparable harm*

As explained above, because Plaintiff is assigned to administrative segregation and because he will remain in that location for the relatively short duration of his incarceration, Plaintiff has not

---

[3] According to his complaint, Plaintiff was assaulted on March 31, 2015, while assigned to the general population. After March 31, he has spent considerable time in the general population without any harm to his person, though he has been called names and verbally threatened.

established that he is at significant risk of suffering irreparable harm if immediate injunctive relief is not granted.

Plaintiff also argues that he will suffer irreparable harm if he is not removed from segregation. In particular, Plaintiff contends that he will suffer emotionally and the placement will interfere with his ability to litigate this action.

First, particularly because Plaintiff will soon be released from incarceration, Plaintiff's ability to litigate this case is not realistically in jeopardy as the result of his placement in segregation. Furthermore, Plaintiff has not demonstrated that his ability to participate in this litigation for the duration of his incarceration is actually compromised. Given Plaintiff's filings to date in this action, he appears to have the ability and capability to participate fully in this litigation. Finally, although Plaintiff has generally asserted that he will suffer emotionally and mentally if he remains in segregation, he has failed to present evidence to support a finding of irreparable harm.

### 3. *Balance of harms*

Plaintiff must also demonstrate that his claimed injury outweighs any harm that granting the injunctive relief would inflict upon Defendants. *Lancor v. Lebanon Hous. Auth.*, 760 F. 2d 361, 362 (1st Cir. 1985). Plaintiff in essence requests that the Court order Defendants to transfer Plaintiff to another facility or to transfer him to protective custody. In other words, Plaintiff asks the Court to dictate prison policy. Not insignificantly, as explained above, Plaintiff has failed to establish that he is actually harmed by his current placement, which in fact protects him from injury at the hands of other inmates. In addition, even without any record evidence from Defendants, the potential harm to Defendants is apparent. If the Court were to direct the placement of prisoners within the correctional system on this record, the harm to Defendants would likely be significant. Defendants' authority to

exercise judgment in the administration of the prison would be compromised. For that reason, as referenced earlier, "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Rogers*, 676 F.2d at 1214. Plaintiff has not, on the record before the Court, demonstrated that the harm that he would allegedly suffer would outweigh the harm that an injunction would cause Defendants.

### 4. *Public interest*

Plaintiff must prove that "the public interest will not be adversely affected by the granting of the injunction." *Planned Parenthood League v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir. 1981). Here, the disruption in the administration of the prisons that might occur if an injunction were to issue in this case would likely be contrary to the public interest. Among other things, government resources would be diverted to address the many requests of other inmates for transfer that would undoubtedly follow the grant of the injunction in this case. Perhaps more importantly, even if the effect on the public interest was minimal, given Plaintiff's failure to establish any of the other elements necessary for the grant of an injunction at this stage of the proceedings, a neutral public interest analysis would be insufficient to warrant injunctive relief.

**C.     Plaintiff's Motion to Excuse Plaintiff from Submitting Memorandum of Law in Support of Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 20)**

Plaintiff requests that the Court consider his second motion for injunctive relief without requiring that he file a further memorandum of law. Plaintiff's request is granted.

**D.     Plaintiff's Motion to Waive Security (ECF No. 21)**

If the Court adopts the recommendation and denies Plaintiff's requests for injunctive relief, Plaintiff's Motion to Waive Security would be moot. I recommend, therefore, that the Court moot Plaintiff's Motion to Waive Security.

**CONCLUSION**

Based on the foregoing analysis, Plaintiff's motion to amend (ECF No. 14) is granted. Plaintiff's motion to be excused from filing a further memorandum of law (ECF No. 20) is granted. Furthermore, I recommend that the Court deny Plaintiff's requests for a temporary restraining order and/or preliminary injunctive relief (ECF Nos. 11, 19),[4] and moot Plaintiff's Motion to Waive Security (ECF No. 21).

**NOTICE**

Any objection to this Recommended Decision and Order shall be filed in accordance with Rule 72 of the Federal Rules of Civil Procedure.

With respect to the order on non-dispositive matters, a party may serve and file objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(a).

With respect to the recommendations made herein, a party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection. Fed. R. Civ. P. 72(b)(2). Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 31st day of August, 2015.

---

[4] The recommendation is not intended to suggest that Plaintiff is foreclosed from requesting injunctive relief should he prevail on the merits of his claims at trial.