UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JON R. ADAMS,  )<br>  )<br>      Plaintiff  )<br>  )<br>v.  )<br>  )<br>SCOTT LANDRY et al.,  )<br>  )<br>      Defendants  ) | 2:15-cv-00282-JAW |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

In this action, Plaintiff, an inmate at the Maine Correctional Center in Windham, contends Defendants have violated his constitutional rights. In essence, Plaintiff asserts that Defendants failed to provide for his safety while he was incarcerated.

The matter is before the Court on Defendants' Second Motion to Dismiss (ECF No. 42), through which motion Defendants ask the Court to dismiss the action based on Plaintiff's failure to prosecute his claim. I recommend the Court grant the motion and dismiss the action without prejudice.

**Background**

On July 17, 2015, Plaintiff commenced this action in which he asserts claims based on the conditions of his confinement at the Maine Correctional Center in Windham, Maine. In his amended complaint, Plaintiff alleges Defendants were deliberately indifferent to his safety beginning in or around March 2015. (Am. Compl., ECF No. 25.)

On September 28, 2015, Plaintiff informed the Court that he was no longer in state custody; Plaintiff provided the Court with a new address in Portland, Maine. (ECF No. 31.) On November 27, 2015, Plaintiff again notified the Court of a change of address. At that time, he advised that

he was being detained in the Cumberland County Jail and he requested information regarding the "status of [his] pending suits in this Court."[1] (ECF No. 36.) On December 7, 2015, Plaintiff filed a third notice in which he informed the Court that he was soon to be released to a rehabilitation center in Auburn, Maine, and he provided the address of the center. (EFC No. 37.)

On December 15, the Court issued its order on Plaintiff's motion for a temporary restraining order. (ECF No. 38.) Subsequently, the Court issued a scheduling order, in which order the Court, inter alia, designated April 20, 2016, as the deadline for Plaintiff to make a settlement demand of Defendants. (ECF No. 39 at 2.) The Clerk mailed the orders to Plaintiff at the address he provided in Auburn, Maine. By January 14, 2016, the postal service returned to the Court both articles of mail stamped "not deliverable as addressed, unable to forward," and the writing on both articles of mail suggested that Plaintiff had moved from the rehabilitation center. (ECF Nos. 40, 41.) Plaintiff has not informed the Court of any further change of address, nor has Plaintiff otherwise made any filings or communicated with the Court.

## Discussion

Pursuant to Federal Rule of Civil Procedure 41, a defendant may move for dismissal of an action if the plaintiff fails to prosecute the action or to comply with court rules and court orders. Fed. R. Civ. P. 41(b). The record establishes that Plaintiff never served Defendants with a settlement demand as required by the Scheduling Order. (Aff. of Diane Sleek ¶ 6, ECF No. 42-1.) In addition, Plaintiff has not communicated with Defendants since September 2015, and Plaintiff last communicated with the Court in December 2015. Defendants contend dismissal is appropriate because Plaintiff has failed to prosecute the action. Defendants in part argue that under the

---

[1] Plaintiff's other civil action is *Adams v. Cummings*, *et al.*, No. 2:15-cv-00370-JAW. On December 8, 2015, the Court screened and dismissed that action pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

circumstances, they should not have to incur the expense and burden of moving for summary judgment, or otherwise remain as a party to a lawsuit.

Parties to litigation have a duty to inquire periodically regarding the status of the litigation and to keep the court informed of their current address and contact information. *United States v. Guerrero*, 302 Fed. App'x 769, 771 (10th Cir. 2008); *Lewis v. Hardy*, 248 Fed. App'x 589, 593 (5th Cir. 2007) (per curiam); *Carvel v. Durst*, No. 1:09-cv-06733, 2014 WL 787829, at *1 n.5 (S.D.N.Y. Feb. 25, 2014); *Am. Arbitration Ass'n, Inc. v. Defonseca*, No. 1:93-cv-02424, 1997 WL 102495, at *2 (S.D.N.Y. Mar. 6, 1997) ("[A] litigant's obligation to promptly inform the Court and the opposing party of an address change is a matter of common sense, not legal sophistication."); *see also* Information for Pro Se Parties, Responsibilities of the Pro Se Litigant ¶ 6: "You must keep the Court and the other party advised of any change of your address or telephone number. … Failing to do so may result in the imposition of sanctions, which could include the dismissal of your case." (United States District Court, District of Maine handout for pro se litigants, also available online). Insofar as on three prior occasions Plaintiff notified the Court of his change of address, Plaintiff is evidently aware of his obligation to remain in contact with the Court.

Here, Plaintiff has not contacted the Court or Defendants for more than seven months. The discovery period has expired and the case is currently scheduled for trial in September 2016. Given Plaintiff's failure to prosecute this matter, to subject Defendants to the uncertainty of continuing litigation and the expense of further motion practice would be unfair. This case illustrates the reason Rule 41(b) exits. That is, "[i]n order to operate effectively and administer justice properly, courts must have the leeway 'to establish orderly processes and manage their own affairs.'" *Id.*

(quoting *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003)).  In short, dismissal is warranted in this case.

Although dismissal is appropriate, the issue is whether the dismissal should be with prejudice.  Unless the court directs otherwise, an order granting a motion under Rule 41(b) "operates as an adjudication on the merits."  *Id.*  As a general rule, however, dismissal of an action with prejudice is a sanction reserved for the most extreme misconduct.  *Vazquez-Rijos v. Anhang*, 654 F.3d 122, 127 (1st Cir. 2011).  Because Plaintiff has in the past demonstrated an interest in prosecuting the action, and because Plaintiff's failure to communicate with the Court and counsel could be a product of his several moves over the last year, Plaintiff's conduct cannot reasonably be construed as extreme.  Accordingly, dismissal without prejudice is appropriate.

## Conclusion

Based on the foregoing analysis, I recommend the Court grant Defendant's Second Motion to Dismiss (ECF No. 42), and dismiss Plaintiff's Amended Complaint without prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 15th day of July, 2016.