UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JON R. ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00282-JAW |
| | ) | |
| SCOTT LANDRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTIONS TO REOPEN AND REFILE**

On July 17, 2015, Jon R. Adams filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in this Court against Scott Landry, the Warden at the Maine Correctional Center, and a number of other state governmental officials, contending among other things that the state prison officials had been indifferent to his personal safety. *Compl.* (ECF No. 1). On July 15, 2016, the Magistrate Judge issued a recommended decision in which he recommended that the Court dismiss the Complaint without prejudice based on Mr. Adams' failure to prosecute the claim. *Recommended Decision on Mot. to Dismiss* (ECF No. 44). Mr. Adams failed to object to the recommended decision and on August 12, 2016, the Court affirmed the recommended decision. *Order Affirming the Recommended Decision of the Magistrate Judge* (ECF No. 48). On January 12, 2017, the Order was reduced to judgment and Mr. Adams' Complaint was dismissed without prejudice. *J.* (ECF No. 49).

On June 29, 2017, Mr. Adams returned to this Court and asked that this case be reopened and in the alternative, he be allowed to refile the complaint. *Mot. to Refile/Reopen Case* (ECF No. 51). On July 18, 2017, the Defendants filed an

opposition to Mr. Adams' motion. *Opp'n to Mot. to Refile/Reopen Case* (ECF No. 54). On July 26, 2017, Mr. Adams replied to the Defendants' opposition. *Pl.'s Resp. to Defs.['] Opp'n* (ECF No. 55).

The bottom line is that Mr. Adams does not have the right to reopen this case, but he does have the right to refile it. The bases upon which a litigant subject to a final judgment, as in this case, may reopen a case are strictly limited, and Mr. Adams has not placed himself within any of the narrow exceptions to the general rule, which favors the finality of judgments. *See* FED. R. CIV. P. 60(b)(1-6). The Court therefore denies the motion to reopen.

At the same time, because in its judgment, the Court expressly provided that the dismissal was without prejudice, Mr. Adams has the right, if he chooses to do so, to file a new complaint based on the same grounds as the one dismissed. *See* FED. R. CIV. P. 41(b); 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2373 (3d ed. 2008) ("Rule 41(b) expressly provides that the district court may specify that a dismissal is without prejudice. When a district judge exercises his discretion to so provide, a second suit is not barred"). Mr. Adams does not need to obtain a court order in order to refile his civil rights claim, and as Mr. Adams has not yet filed a new complaint, the Court declines to enter an order because it is not only unnecessary but it is contingent upon a future event that may or may not take place. The Court, therefore, dismisses the motion to refile as moot.

In fairness to Mr. Adams, he should be forewarned. If he elects to refile this lawsuit, he must remain actively involved in its prosecution. In the event the

complaint is dismissed again, it is likely that the next dismissal will be with prejudice, which will mean that Mr. Adams will be barred from bringing a third suit on the same grounds against the same parties.

The Court DENIES so much of Jon R. Adams' Motion to Reopen/Refile (ECF No. 51) as requests that the Court allow Mr. Adams to reopen his dismissed case, but the Court DISMISSES as moot so much of Mr. Adams' Motion to Reopen/Refile (ECF No. 51) as requests that the Court allow Mr. Adams to refile his case in this Court.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT COURT

Dated this 7th day of August, 2017